IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 06-000067-01-CR-W-NKL |
| DANIEL J. ROADEN, | ) ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION
### TO ACCEPT DEFENDANT'S GUILTY PLEA

On February 17, 2006, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On February 17, 2006, an one-count information was filed, charging Defendant with one count of attempted bank robbery, in violation of Title 18, United States Code, § 2113(a). Defendant waived the indictment and entered a guilty plea to the information on February 17, 2006. Defendant was present, represented by appointed counsel Ron Hall. The government was represented by Assistant United States Attorney Mike Warner. The proceedings were recorded and a transcript of the hearing was filed on February 21, 2006.

### *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocations are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1.  The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2.  On February 17, 2006, an information was filed charging Defendant Roaden with willfully, knowingly, and unlawfully attempting to take by force, violence or intimidation, money from employees of the United Missouri Bank, in violation of Title 18, United States Code, Section 2113(a) The court read the charge against Defendant and Defendant indicated that he understood the nature of this charge (Tr. at 6-7).

3.  The statutory penalty for the offense charged in the information is not more than twenty[1] years in prison, a fine of up to $250,000, a supervised release term of not more than three years, plus a $100 mandatory special assessment fee (Tr. at 7). Defendant was informed of the penalty range and indicated that he understood (Tr. at 7).

4.  Defendant was advised of the following:

---

[1] The transcript reads that Defendant faced a possible sentence of "not more than 200 years in prison" (Tr. at 7). This is a typographical error, however, as the potential penalties listed on both the complaint and the information state that conviction under 18 U.S.C. § 2113(a) is punishable by not more than twenty years imprisonment.

3

a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7-8);

b. That he has the right to assistance of counsel throughout the trial (Tr. at 8);

c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 9);

d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 9);

e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 9-10);

f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 10); and

g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 11).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 11-12).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 12). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 12). Defendant stated that he understood (Tr. at 12).

7. Government counsel stated that the government's file was disclosed to defense counsel in its entirety (Tr. at 13). I adopted the government's recital of facts as set forth in the criminal complaint and accompanying affidavit (Tr. at 14).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 13).

9. Defendant was placed under oath (Tr. at 14) and admitted that on January 10, 2006, he willfully, knowingly and unlawfully attempted to take money from the United Missouri Bank located at 301 North 7 Highway in Blue Springs, Missouri (Tr. at 14). Defendant intended to take the money by way of force, violence or intimidation (Tr. at 14-15). At the time of the attempted robbery, he knew that doing so was against the law (Tr. at 15). Defendant did not dispute the fact that the United Missouri Bank was insured by the FDIC (Tr. at 15). When asked additional questions by his counsel, Defendant stated that on January 10, 2006, he and Mr. Torres planned to rob a United Missouri Bank in Blue Springs, Missouri (Tr. at 15). As part of that plan, Defendant was supposed to be the getaway driver when Mr. Torres completed robbing the bank (Tr. at 15-16). Defendant drove Mr. Torres to the bank in Defendant's black Nissan (Tr. at 16). He dropped Mr. Torres off in the parking lot, knowing he was going to go in attempt to rob the bank (Tr. at 16). Mr. Torres did not ultimately enter the bank, however (Tr. at 16). Instead, he approached the door with a piece of wood to block the door and a bag in his hand (Tr. at 16-17). Mr. Torres did not enter the bank and quickly returned and jumped back into the back of Defendant's truck (Tr. at 17). Defendant then drove off; he was arrested by the Blue Springs, Missouri, Police Department approximately fifteen minutes later (Tr. at 17).

10. Defendant stated that he had reviewed the plea agreement with his attorney and

understood the terms of the agreement (Tr. at 17-18, 23-24).

11.     No one has made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 24).

12.     Defendant is satisfied with the representation he has received from Mr. Hall (Tr. at 24). There is nothing he has done that Defendant did not want him to do, and there is nothing he wanted him to do that he has not done (Tr. at 24-25).

13.     Defendant is 26 years old and has a high school education (Tr. at 25). He has no mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to these charges (Tr. at 25). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 25).

14.     Defendant tendered a plea of guilty to the crime charged in Count I of the information (Tr. at 25-26).

15.     The parties waived the ten-day objection period to the Report and Recommendation (Tr. at 26).

### V.  ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for attempted bank robbery are that the a defendant willfully, knowingly, and unlawfully attempted to take by force, violence or intimidation, money from a bank. 18 U.S.C. § 2113(a). Additionally, the bank to be robbed must be insured by the FDIC. United States v. Carlisle, 118 F.3d 1271, 1274 (8th Cir. 1997).

### V.  CONCLUSION

Based on the above, I make the following conclusions:

1.     The district court may lawfully refer this case to a magistrate judge for issuance of

6

Case 4:06-cr-00067-ODS   Document 22   Filed 03/16/06   Page 6 of 7

a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in Count I of the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 16, 2006